Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146-5308
Phone: 702-228-7590 / Facsimile: 702-892-0122
E-Mail: bkfilings@s-mlaw.com

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee
of the Alessi & Koenig, LLC Bankruptcy Estate*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO, N.A. a national banking association;<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited-liability company; SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, a Nevada non-profit corporation; ALESSI & KOENIG, LLC, a Nevada limited-liability company;<br><br>Defendants. | Case No.: 2:15-cv-01846-RCJ-VCF<br><br>**MOTION TO REMOVE ATTORNEY FROM ELECTRONIC SERVICE LIST AND MAILING SERVICE LIST** |

Jeanette E. McPherson, Esq., as counsel for Shelley D. Krohn, Chapter 7 Trustee of the Alessi & Koenig Bankruptcy Estate, brings this Motion To Remove Attorney From Electronic Service List And Mailing Service List ("Motion").

On December 13, 2016, Alessi & Koenig, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada ("Bankruptcy Court"), Case No. BK-S-16-16593-ABL (the "Bankruptcy Case"). Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor. . . ."

In the Debtor's Bankruptcy Case, the automatic stay under 11 U.S.C. § 362 was terminated for all purposes, with the exception that collection of a judgment obtained against the Debtor may

only be pursued against the Debtor in the United States Bankruptcy Court for the District of Nevada, BK-S-16-16593-ABL. See attached **Exhibit 1**.

In general, the automatic stay was terminated because the pending litigation and participation in the litigation would not provide benefit to the Debtor's bankruptcy estate. As a result, the Trustee and her counsel will not be participating in any matter in which the Debtor is a party, and the parties may proceed against the Debtor if in accordance with the order attached hereto as **Exhibit 1**.

In addition, because the Trustee and her counsel will not be participating in any matter which the Debtor is a party, the Trustee and her counsel request that they be removed from both the Court's CM/ECF and mailing service list with respect to the above referenced action.

Dated: October 24, 2019.

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89146

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee of the Alessi & Koenig, LLC Bankruptcy Estate*

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE
DATED: 11-4-2019

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2019, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that I have mailed the foregoing document by First-Class Mail, postage fully prepaid, to the following parties: N/A.

/s/ *Janice Dunnam*
An employee of Schwartzer & McPherson Law Firm

# EXHIBIT "1"

Honorable August B. Landis
United States Bankruptcy Judge



Entered on Docket
April 24, 2017

___

Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:     (702) 228-7590
Facsimile:      (702) 892-0122
E-Mail:           bkfilings@s-mlaw.com
*Attorneys for Shelley D. Krohn, Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Alessi & Koenig, LLC,<br><br>                                    Debtor. | Case No. BK-S-16-16593-ABL<br><br>Chapter 7<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ORDER AUTHORIZING PROCEDURES FOR: 1) DISPOSITION OF EXCESS PROCEEDS, 2) REVIEW OF DEBTOR'S BOOKS AND RECORDS, AND 3) RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: April 5, 2017<br>Hearing Time: 9:30 a.m. |

The Motion For Order Authorizing Procedures For: 1) Disposition Of Excess Proceeds, 2) Review Of Debtor's Books And Records, And 3) Relief From The Automatic Stay ("Motion")[1] having come before this Court on April 5, 2017; Shelley D. Krohn, the Chapter 7 Trustee (the "Trustee") appearing individually and by and through her counsel, Jeanette E. McPherson, Esq., and other appearances having been made on the record, the Court having reviewed the Motion and all related pleadings, the Court having found that notice was proper, the Court having made its

___

[1] All capitalized terms have the meanings ascribed them in the Motion.

findings of fact and conclusions of law upon the record, which are incorporated herein pursuant to Fed.R.Bankr. P. 7052 and 9014, and set forth below in part, and for good cause shown, it is hereby

ORDERED that the Motion is granted in part and denied in part.

ORDERED that the Motion is denied to the extent it requests approval of the procedures pertaining to the Excess Proceeds.

ORDERED that the Discovery Procedures relating to the Files And Records are granted in that:

1) the Files And Records Procedures will supersede any prior arrangements between the Trustee and any party and will be deemed to satisfy any existing requirements or duties of the Trustee under applicable law;

2) the Trustee will not be required to respond to or comply with any requests related to the Files And Records;

3) the Debtor's Files And Records are and shall be maintained and serviced by the Debtor's representative, David Alessi ("Alessi"), and Alessi shall certify and ensure that the Files And Records are properly maintained and preserved;

4) Alessi shall bear all expenses with the maintenance of the Files And Records;

5) Alessi shall upload the Files And Records that are discoverable into Dropbox so that an interested party may review and download all relevant documents ("Dropbox File");

6) Alessi shall also place in the Dropbox File a certificate of acknowledgment stating that the documents were provided in accordance with applicable law and discovery rules, are true and correct copies of the documents related to the relevant matter, and were uploaded as of the date the Dropbox File was created. The certification shall further provide that the Dropbox File contains the records relating to the specific Litigation for all pertinent periods and that the Files And Records have not been tampered with, destroyed, or otherwise altered by Alessi or any person or party associated with Alessi. In the event that Alessi withholds production of a document based on the claim of attorney-client privilege or the attorney work product doctrine, Alessi shall produce a privilege log to the requesting party identifying the withheld document with reasonable particularity to support a motion to compel. The certification shall be sufficient to establish the

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  authenticity of the origin of the documents under Federal Rule of Evidence 901 or any equivalent
2  evidentiary rule, and no party may challenge such authentication on the basis that it is not a true
3  and correct copy of the documents as it was originally maintained.  All other evidentiary
4  objections with respect to the documents uploaded by Alessi are hereby reserved. The certification
5  shall be in the form attached hereto as **Exhibit 1**;

6       7)     In connection with the maintenance of the Dropbox File, Alessi shall charge any
7  party requesting to review the Files And Records the amount of $50.00, which sum must be paid
8  prior to access to the Dropbox File;

9       8)     The Dropbox File must be established by Alessi no later than thirty days after entry
10 of an order approving this Motion ("Dropbox Deadline"), and shall be maintained by Alessi for up
11 to two years from the date of an order authorizing this Motion, which time may be continued if
12 agreed upon by the Trustee (if necessary) and Alessi;

13       9)     Nothing in this Motion shall be construed as altering Alessi's or his colleagues'
14 obligations to comply with applicable law, including without limitation, the Nevada Rules of
15 Professional Conduct requiring the maintenance of client files;

16       10)    If Alessi fails to establish the Dropbox File by the Dropbox Deadline, the affected
17 party may seek sanctions in this Court for violation of the order granting this Motion;

18       11)    Notwithstanding anything to the contrary herein, the Trustee has the right to
19 determine, in her sole discretion, which, if any, and for how long, specific Files And Records are
20 retained by Alessi for the administration of the Debtor's estate;

21       12)    Notwithstanding anything to the contrary herein, by providing the Files And
22 Records, the Trustee is not waiving or releasing any rights or claims she might hold against any
23 person or entity including, without limitation, attorneys' liens for non-payment;

24       13)    The Debtor's and Alessi's compliance with the Discovery Procedures set forth in
25 this Order shall not excuse them from any obligation to comply with any discovery request or trial
26 subpoena.  For the avoidance of doubt, the Trustee shall not have such obligations;

27       14)    Alessi shall act as the deponent for the Debtor pursuant to FRBP 30(b)(6), prepare
28 on all topics as required by Rule 30(b)(6), and be the responsible person for the Debtor and

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122

comply with all other related requirements of the rule. Notwithstanding, this Order does not prohibit any party from obtaining testimony from any witness with knowledge;

15) Notwithstanding any provisions of this Order, the Debtor shall maintain and preserve all of its documents and records, including, without limitation, bank statements, files, loan documents, contracts, agreements, invoices and receipts;

16) the Files And Records Procedures are fair and equitable, within the sound business judgment of the Trustee, and in the best interests of the estate, are appropriate under the circumstances, comply with applicable law and any existing obligations in the pending Litigation, and do not constitute a violation of any potential ethical, professional or other obligations of the Trustee or the Debtor in respect to the Files And Records.

ORDERED that the Files And Records Procedures set forth herein remain valid and binding upon the Debtor and Alessi despite the entry of an order in this case authorizing the Trustee to abandon the Debtor's Files And Records. For the avoidance of doubt, this Order shall not serve to preclude the entry of an order allowing the Trustee to abandon the Debtor's Files And Records or any other property.

ORDERED that the automatic stay under 11 U.S.C. § 362 is hereby terminated for all purposes with the exception that collection of a judgment obtained against the Debtor may only be pursued against the Debtor in this Court.

| Submitted by: | Approved / Disapproved by: |
|---|---|
| /s/ Jeanette E. McPherson | See Attached |
| Jeanette E. McPherson, Esq. | Evan Jones, Esq. |
| Approved / Disapproved by: | Approved / Disapproved by: |
| See Attached | Waived Signature at Hearing |
| Christina Miller, Esq. | Darren Brenner, Esq. |
| Approved / Disapproved by: | Approved / Disapproved by: |
| Waived Signature at Hearing | See Attached |
| Michael Wixom, Esq. | Andrew A. Bao, Esq. |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1 comply with all other related requirements of the rule.  Notwithstanding, this Order does not
2 prohibit any party from obtaining testimony from any witness with knowledge;
3     15) Notwithstanding any provisions of this Order, the Debtor shall maintain and
4 preserve all of its documents and records, including, without limitation, bank statements, files,
5 loan documents, contracts, agreements, invoices and receipts;
6     16) the Files And Records Procedures are fair and equitable, within the sound business
7 judgment of the Trustee, and in the best interests of the estate, are appropriate under the
8 circumstances, comply with applicable law and any existing obligations in the pending Litigation,
9 and do not constitute a violation of any potential ethical, professional or other obligations of the
10 Trustee or the Debtor in respect to the Files And Records.
11     ORDERED that the Files And Records Procedures set forth herein remain valid and
12 binding upon the Debtor and Alessi despite the entry of an order in this case authorizing the
13 Trustee to abandon the Debtor's Files And Records.  For the avoidance of doubt, this Order shall
14 not serve to preclude the entry of an order allowing the Trustee to abandon the Debtor's Files And
15 Records or any other property.
16     ORDERED that the automatic stay under 11 U.S.C. § 362 is hereby terminated for all
17 purposes with the exception that collection of a judgment obtained against the Debtor may only be
18 pursued against the Debtor in this Court.

19 Submitted by:                                    Approved / Disapproved by:
20 /s/ Jeanette E. McPherson
21 Jeanette E. McPherson, Esq.                      Evan Jones, Esq.
22 Approved / Disapproved by:                       Approved / Disapproved by:
23                                                  Waived Signature at Hearing
24 Christina Miller, Esq.                           Darren Brenner, Esq.
25 Approved / Disapproved by:                       Approved / Disapproved by:
26 Waived Signature at Hearing
27 Michael Wixom, Esq.                              Andrew A. Bao, Esq.
28

1. comply with all other related requirements of the rule. Notwithstanding, this Order does not prohibit any party from obtaining testimony from any witness with knowledge;

15) Notwithstanding any provisions of this Order, the Debtor shall maintain and preserve all of its documents and records, including, without limitation, bank statements, files, loan documents, contracts, agreements, invoices and receipts;

16) the Files And Records Procedures are fair and equitable, within the sound business judgment of the Trustee, and in the best interests of the estate, are appropriate under the circumstances, comply with applicable law and any existing obligations in the pending Litigation, and do not constitute a violation of any potential ethical, professional or other obligations of the Trustee or the Debtor in respect to the Files And Records.

ORDERED that the Files And Records Procedures set forth herein remain valid and binding upon the Debtor and Alessi despite the entry of an order in this case authorizing the Trustee to abandon the Debtor's Files And Records. For the avoidance of doubt, this Order shall not serve to preclude the entry of an order allowing the Trustee to abandon the Debtor's Files And Records or any other property.

ORDERED that the automatic stay under 11 U.S.C. § 362 is hereby terminated for all purposes with the exception that collection of a judgment obtained against the Debtor may only be pursued against the Debtor in this Court.

Submitted by:

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.

Approved / ~~Disapproved~~ by:

Christina Miller, Esq. NV Bar #12448

Approved / Disapproved by:

Waived Signature at Hearing
Michael Wixom, Esq.

Approved / Disapproved by:

Evan Jones, Esq.

Approved / Disapproved by:

Waived Signature at Hearing
Darren Brenner, Esq.

Approved / Disapproved by:

Andrew A. Bao, Esq.

comply with all other related requirements of the rule. Notwithstanding, this Order does not prohibit any party from obtaining testimony from any witness with knowledge;

15) Notwithstanding any provisions of this Order, the Debtor shall maintain and preserve all of its documents and records, including, without limitation, bank statements, files, loan documents, contracts, agreements, invoices and receipts;

16) the Files And Records Procedures are fair and equitable, within the sound business judgment of the Trustee, and in the best interests of the estate, are appropriate under the circumstances, comply with applicable law and any existing obligations in the pending Litigation, and do not constitute a violation of any potential ethical, professional or other obligations of the Trustee or the Debtor in respect to the Files And Records.

ORDERED that the Files And Records Procedures set forth herein remain valid and binding upon the Debtor and Alessi despite the entry of an order in this case authorizing the Trustee to abandon the Debtor's Files And Records. For the avoidance of doubt, this Order shall not serve to preclude the entry of an order allowing the Trustee to abandon the Debtor's Files And Records or any other property.

ORDERED that the automatic stay under 11 U.S.C. § 362 is hereby terminated for all purposes with the exception that collection of a judgment obtained against the Debtor may only be pursued against the Debtor in this Court.

Submitted by:

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.

Approved / Disapproved by:

_____
Christina Miller, Esq.

Approved / Disapproved by:

Waived Signature at Hearing
Michael Wixom, Esq.

Approved / Disapproved by:

_____
Evan Jones, Esq.

Approved / Disapproved by:

Waived Signature at Hearing
Darren Brenner, Esq.

Approved / Disapproved by:

_____
Andrew A. Bao, Esq.

| | |
|---|---|
| Approved / Disapproved by: | Approved / Disapproved by: |
| *Waived Signature at Hearing* <br> Peter Goetz, Esq. | *Waived Signature at Hearing* <br> Robert Larson, Esq. |
| **Approved** / Disapproved by: | Approved / Disapproved by: |
| /s/ Diana Ebron <br> Diana Ebron, Esq. | *Waived Signature at Hearing* <br> David Rothenberg, Esq. |
| Approved / Disapproved by: | Approved / Disapproved by: |
| Did not respond <br> Ryan Alexander, Esq. | *Waived Signature at Hearing* <br> James Shea, Esq. |
| **Approved** / Disapproved by: | |
| /s/ James Greene <br> James Greene, Esq. | |

## RULE 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the Order accurately reflects the court's ruling and that (check one):

__X__ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

__X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, NV 89146
Attorneys for Trustee

###

# EXHIBIT "1"

I, David Alessi, do swear and affirm the following:

1. I am the holder and custodian of records for Alessi & Koenig, LLC and HOA Law Group and as such have access to the records and data maintained by these entities in the regular course of business.

2. Alessi & Koenig, LLC was licensed in the State of Nevada at the time the business records described in this affidavit were created. Alessi & Koenig, LLC filed dissolution paperwork with the State of Nevada on or about September 28, 2016.

3. HOA Lawyers Group, LLC filed Articles of Organization with the State of Nevada on April 22, 2016.

4. I hereby certify that it was and is a regular practice of Alessi & Koenig, LLC and HOA Law Group to make and keep records of the acts, events, conditions, and opinions of these entities in the ordinary course of its business, hereafter referred to as "collection files."

5. On the _____ day of the month of _____ of the year _____, I received a subpoena or other request calling for the production of the collection file.

6. I have examined the original collection file and have made or caused to be made a true and exact copy of them, and have placed or caused them to be in a Dropbox, consistent with the procedures established in Case. No. BK-S-16-16593-ABL. I hereby certify that the documents in the Dropbox are being provided in accordance with applicable law and discovery rules, are true and correct copies and uploads of all of the records in my files that pertain to the Case (except as set forth in a privilege log) that are in my possession and control as a holder and custodian of such records. The documents in the Dropbox have not been tampered with, destroyed, or otherwise altered by me or any person or party associated with me.

7. I further certify that the original collection file, from which the documents in the Dropbox were uploaded as of the date the Dropbox was created, were made by the personnel of the above described entities at or near the time of the transactions, by or from information transmitted by, a person of knowledge of those matters.

8. I hereby declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

{41184881;1}